UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES T. WHALEN, | ) |
| Plaintiff, | ) No. 06 C 5432 |
| v. | ) Judge John W. Darrah |
| UNITED STATES OF AMERICA and DONALD LEGAN, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Charles Whalen, filed suit against Defendants, United States of America ("United States") and Donald Legan, alleging claims of eavesdropping and illegal use and dissemination of information obtained through the use of an eavesdropping device. Originally filed in the Circuit Court of the First Judicial Circuit of Illinois, Cook County, this matter was subsequently removed to this Court by the United States based on Plaintiff's claims falling within the Federal Tort Claims Act. Presently pending before the Court is the Defendant United States of America's motion to dismiss. No response has been filed.

### BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

On or about August 2, 2002 and March 6, 2003, Charles Whalen was employed with the United States Internal Revenue Service ("IRS") as an Appeals Officer. During the course of his employment, Whalen received telephone calls from Donald Legan, a taxpayer. Legan recorded

several of their telephone conversations, using an illegal eavesdropping device. Legan recorded two conversations on or about August 2, 2002, and a third conversation on or about March 6, 2003. These conversations were recorded without Whalen's knowledge or consent.

On or about October 2003, Legan divulged the recordings to Mark J. Miller, an attorney employed by the IRS. On or about December 21, 2003, Legan divulged the recordings to Special Agent Sandra A. Opyd and Kevin H. Cliff, agents of the U.S. Treasury Inspector General for Tax Administration.

Based, in part, on information contained in the recordings made by Legan, Whalen's employment was terminated on June 17, 2005, at which time Whalen's annual salary exceeded $100,000. Whalen's employment was terminated eleven days before he was entitled to receive a full pension based on 30 years of government service under the Federal Employees Retirement System. As a result of his termination, Whalen's pension benefits were substantially reduced, he was deprived of his health insurance, he was subjected to a criminal investigation for bribery, and his professional reputation as an attorney was damaged. In light of these losses, Whalen commenced this civil lawsuit, seeking monetary damages.

## ANALYSIS

In ruling on a motion to dismiss the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct.

1955, 1964 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) (alteration in *Bell Atlantic*). "Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 776 (7th Cir. 2007).

As to the United States, this suit falls under the Federal Tort Claims Act ("FTCA"). Under the FTCA, Whalen is required to present his claim to the appropriate federal agency prior to seeking redress in court. 28 U.S.C. § 2675(a). When a plaintiff fails to exhaust his administrative remedies, he is barred from bringing suit in federal court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). At this time, Whalen has not made any claim to the Internal Revenue Service, the appropriate federal agency. Thus, Whalen has not exhausted his administrative remedies under the FTCA; and his claim against the United States is barred.

Additionally, Whalen's suit is preempted by the Civil Service Reform Act ("CSRA"), which precludes recovery under the FTCA. The CSRA provides a scheme of review for addressing non-discriminatory, adverse personnel actions taken against federal employees. *United States v. Fausto,* 484 U.S. 439, 448 (1988). Under the CSRA, a federal employee may appeal adverse personnel actions to the Merit Systems Protection Board, and then to the Court of Appeals for review of the Board's decision. 5 U.S.C.A. §§ 7513(d), 7703. Whalen's termination is a "personnel action"; therefore, the CSRA applies and preempts all other remedies, including remedies available under the FTCA. Because the CSRA preempts this action, this Court does not have jurisdiction.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss Plaintiff's Complaint is granted. In light of the claims being dismissed against the United States, jurisdiction no longer lies in this Court; and the case is remanded back to the Circuit Court of the First Judicial Circuit of Illinois, Cook County.

Dated: November 15, 2007

JOHN W. DARRAH
United States District Court Judge

KEYS

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.0 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:06-cv-05432
#### Internal Use Only

Whalen v. Legan et al
Assigned to: Honorable John W. Darrah
Case in other court: Cr Ct of Cook Co., 06 L 050428
Cause: 28:1446 Petition for Removal- Personal Injury

Date Filed: 10/05/2006
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Charles T Whalen**           represented by   **Charles T Whalen**
14935 Avenida Del Este
Orland Park, IL 60462
PRO SE

*[handwritten: Status — Pending Motion — Mtn to dismiss — disposition attached]*

V.

**Defendant**

**Donald R. Legan**            represented by   **William R. Dunn**
William R. Dunn, Attorney at Law
10730 South Cicero Avenue
Oak Lawn, IL 60453
(312) 636-6710
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan C. Haile**
United States Attorney's Office (NDIL)
219 South Dearborn Street
Suite 500
Chicago, IL 60604
(312) 353-5300
Email: jonathan.haile@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Frank J. Rodjius**

**Defendant**

**United States of America**           represented by   **Jonathan C. Haile**
*TERMINATED: 10/25/2006*                                (See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2006 | 1 | NOTICE of Removal from Circuit Court of Cook Co., case number (06 L 050428) filed by the United States of America; (Exhibits). (mjc, ) (Entered: 10/06/2006) |
| 10/05/2006 | 2 | CIVIL Cover Sheet. (mjc, ) (Entered: 10/06/2006) |
| 10/06/2006 | 3 | DESIGNATION of Jonathan C. Haile as U.S. Attorney for Defendant United States of America (Haile, Jonathan) (Entered: 10/06/2006) |
| 10/06/2006 |  | MAILED 77d letter regarding filing of petition for removal to counsel of record. (mjc, ) (Entered: 10/06/2006) |
| 10/13/2006 | 4 | MOTION by Defendant United States of America to substitute party *and Dismiss* (Haile, Jonathan) (Entered: 10/13/2006) |
| 10/13/2006 | 5 | MEMORANDUM by United States of America in Support of motion to substitute party 4 (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Haile, Jonathan) (Entered: 10/13/2006) |
| 10/13/2006 | 6 | NOTICE of Motion by Jonathan C. Haile for presentment of motion to substitute party 4 before Honorable John W. Darrah on 10/25/2006 at 09:00 AM. (Haile, Jonathan) (Entered: 10/13/2006) |
| 10/20/2006 | 7 | MINUTE entry before Judge John W. Darrah : Status hearing set for 12/5/2006 at 9:00 a.m. Mailed notice (hp, ) (Entered: 10/23/2006) |
| 10/20/2006 | 8 | PRO SE Appearance by Plaintiff Charles T Whalen (mb, ) (Entered: 10/24/2006) |
| 10/25/2006 | 9 | MINUTE entry before Judge John W. Darrah : Government's motion to substitute defendant and dismiss 4 is granted as to the substitution of parties, the United States is substituted as the party defendant in place of Frank J. Rodjius and entered and briefed as to the motion to dismiss as follows: response by 11/8/2006, reply by by 11/15/2006. Status hearing set for 12/14/06 at 9:00 a.m. Mailed notice (mb, ) (Entered: 10/26/2006) |
| 10/25/2006 |  | Set/Reset Hearings Status hearing set for 12/14/2006 at 09:00 AM. (mb, ) (Entered: 10/26/2006) |
| 11/02/2006 | 10 | PETITION by plaintiff Charles T Whalen for review of the Westfall Act Certification made pursuant to the provisions of 28 U.S.C. 2679(d)(2). (mjc, ) (Entered: 11/02/2006) |
| 11/02/2006 | 11 | NOTICE of Motion by Charles T Whalen for presentment of motion for review of the Westfall Act Certification made pursuant to the provisions of 28 U.S.C. 2679(d)(2) 10 before Honorable John W. Darrah on 12/14/2006 at 09:00 AM. (mjc, ) (Entered: 11/02/2006) |
| 11/02/2006 | 12 | MEMORANDUM of Law by Charles T Whalen in Support of plaintiff's petition for review of the Westfall Act Certification made pursuant to the provisions of 28 U.S.C. 2679(d)(2) 10. (mjc, ) (Entered: 11/02/2006) |
| 11/02/2006 | 13 | RESPONSE by Plaintiff to United States' motion to substitute defendant |

| | | |
|---|---|---|
| | | and dismiss (hp, ) (Entered: 11/07/2006) |
| 11/02/2006 | ●14 | CERTIFICATE of Service by Plaintiff Charles T. Whalen regarding response to motion 13 (hp, ) (Entered: 11/07/2006) |
| 11/15/2006 | ●15 | REPLY by Defendant United States of America *in Support of Its Motion to Substitute Defendant and Dismiss* (Haile, Jonathan) (Entered: 11/15/2006) |
| 11/16/2006 | ●16 | ATTORNEY Appearance for Defendant Donald R. Legan by William R. Dunn. (vkd, ) (Entered: 11/20/2006) |
| 12/14/2006 | ●17 | MINUTE entry before Judge John W. Darrah :Plaintiff's Petition for Review of Westfall Act Certification 10 is granted in part. Discovery may proceed only on the issue of whether Defendant Frank Rodjius was acting in the scope of employment. The United States' motion to Substitue Defendant and Dismiss [5,6] is denied with leave to refile. The case is set for status and setting for further proceedings on 2/14/2007 at 09:00 AM.Mailed notice (gej, ) (Entered: 12/19/2006) |
| 02/07/2007 | ●18 | MOTION by plaintiff Charles T Whalen for sanctions under FRCP 37(c)(1), on account of defendant Frank J. Rodjius' failure to make disclosures under FRCP 26(a)(1). (mjc, ) (Entered: 02/08/2007) |
| 02/07/2007 | ●19 | NOTICE of Motion by Charles T Whalen for presentment of plaintiff's motion for sanctions 18 before Honorable John W. Darrah on 2/14/2007 at 09:00 AM. (mjc, ) (Entered: 02/08/2007) |
| 02/07/2007 | ●20 | MOTION by plaintiff Charles T Whalen to compel defendant Frank J. Rodjius to answer the complaint; (Exhibits). (mjc, ) (Entered: 02/08/2007) |
| 02/07/2007 | ●21 | NOTICE of Motion by Charles T Whalen for presentment of plaintiff's motion to compel 20 before Honorable John W. Darrah on 2/14/2007 at 09:00 AM. (mjc, ) (Entered: 02/08/2007) |
| 02/12/2007 | ●22 | RESPONSE by United States of America to MOTION by Plaintiff Charles T Whalen for sanctions 18, MOTION by Plaintiff Charles T Whalen to compel 20 (Haile, Jonathan) (Entered: 02/12/2007) |
| 02/14/2007 | ●23 | MINUTE entry before Judge John W. Darrah : Plaintiff's motion for sanctions 18 and plaintiff's motion to compel 20 is denied. Plaintiff's Petition for Review of Westfall Act Certification 10 is entered and briefed as follows: response by 2/26/07, reply by 3/21/07. Status hearing set for 4/25/07 at 9:00 a.m.Mailed notice (mjc, ) (Entered: 02/15/2007) |
| 02/26/2007 | ●24 | RESPONSE by Defendant United States of America *to Plaintiff's Petition for Review of Westfall Act Certification* (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Haile, Jonathan) (Entered: 02/26/2007) |
| 03/19/2007 | ●25 | REPLY by Charles T Whalen to United States Response to plaintiff's petition for review of Westfall Act Certification 24 (Exhibit). (smm) (Entered: 03/21/2007) |
| | | |

| | | |
|---|---|---|
| 04/25/2007 | 26 | MINUTE entry before Judge John W. Darrah : Status hearing held. Government's motion to dismiss to be filed by 5/2/07, response by 5/23/07, reply by 5/30/07. Status hearing set for 6/28/07 at 9:00 a.m. Mailed notice (mjc, ) (Entered: 04/26/2007) |
| 04/25/2007 | 27 | MINUTE entry before Judge John W. Darrah : Plaintiff's petition for review of the Westfall Act certification [10, 11] is denied.Mailed notice (mjc, ) (Entered: 04/27/2007) |
| 04/30/2007 | 28 | MOTION by Defendant United States of America to dismiss *(Renewed Motion)* (Attachments: # 1 Declaration)(Haile, Jonathan) (Entered: 04/30/2007) |
| 05/09/2007 | 29 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge Marvin E. Aspen for all further proceedings. Signed by Judge Executive Committee on 5/9/07. (See order for details)(mjc, ) (Entered: 05/16/2007) |
| 05/09/2007 | | Cases associated. (mjc, ) (Entered: 05/16/2007) |
| 05/16/2007 | 30 | EXECUTIVE COMMITTEE ORDER: Case reassigned to Judge John W. Darrah for all further proceedings.. (See further details) Signed by Judge Executive Committee on 5/16/07. (amb, )(Previously misplaced document) (Entered: 06/29/2007) |
| 08/24/2007 | 31 | MINUTE entry before Judge John W. Darrah : Defendant's motion to dismiss 29 is entered and briefed as follows: response by 9/27/07, reply by 10/11/07. Status hearing set for 11/15/07 at 9:00 a.m. Mailed notices (gcy, ) (Entered: 08/27/2007) |